**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **SHAWN DUNN #1686724** | § | |
| | § | |
| **V.** | § | **W-16-CA-072-RP** |
| | § | |
| **HON. TRENTIN D. FARRELL,** | § | |
| **KATHY FERGUSON,** | § | |
| **JEFFERY D. PARKER, and** | § | |
| **HON. DAVID CASTILLO** | § | |

**<u>ORDER</u>**

Before the Court are Plaintiff's original and amended complaints.  Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

<u>STATEMENT OF THE CASE</u>

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff alleges the defendants violated Plaintiff's rights under the Fourteenth Amendment.  Plaintiff requests the Court to return him to his county of conviction while a federal investigation is conducted regarding the Texas judicial system.  Plaintiff maintains his conviction is fraudulent and obtained without due course of law and the prosecutors intentionally and knowingly displayed official misconduct and obstructed justice.

Plaintiff sues Judge Trentin D. Farrell, Prosecutors David Castillo and Kathy Ferguson, and Criminal Defense Attorney Jeffery D. Parker.  He seeks a declaratory judgment.  In addition, Plaintiff seeks:

1

> A preliminary and permanent injunction ordering Defendant's [sic] to stop all orders executed on Plaintiff's [sic], and return by order of convicting Judges, each Plaintiff to the existing detention which initiated the cause of these acts, while a full scale investigation is performed on all Counties Records, as well as District Courts Records of each Plaintiff's Signature's, cases.

Plaintiff maintains he has been kidnaped without cause and held against his will.  Plaintiff also seeks compensatory and punitive damages from each defendant for every year Plaintiff has endured "the hardship of confinement, and danger the Defendant's aided in putting the Plaintiff's in, when sentenced to the Texas Department of Criminal Justice - Institutional Division."

DISCUSSION AND ANALYSIS

A.    Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B.    Judicial Immunity

Judge Farrell is entitled to absolute immunity for any acts performed as a judge.  It is well settled law that a judge enjoys absolute immunity from liability for damages for judicial acts

2

performed within his jurisdiction. *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. *Mireless v. Waco*, 502 U.S. 9, 11 (1991). Motive of the judicial officer is irrelevant when considering absolute immunity. *See Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) ("The judge is absolutely immune for all judicial acts not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive.").

Absolute judicial immunity is overcome in only two rather narrow sets of circumstances: first, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity, and second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Mireless*, 502 U.S. at 11-12. "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (quoting *Mireless*, 502 U.S. at 12). In the case at bar, Plaintiff does not complain of any actions taken by Judge Farrell that were nonjudicial in nature nor does he show that he was acting in the clear absence of all jurisdiction. Accordingly, Judge Farrell is protected by absolute immunity.

C.    Prosecutorial Immunity

Prosecutors David Castillo and Kathy Ferguson are also protected by absolute immunity. Prosecutors are absolutely immune from liability under the federal civil rights statutes with regard to actions taken by them within the course and scope of representing the governmental agencies and subdivisions in judicial proceedings. Under the doctrine of prosecutorial immunity, a prosecutor is absolutely immune in a civil rights lawsuit for any action taken in connection with a judicial proceeding. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Burns v. Reed*, 500 U.S. 478, 487-92

(1991); *Imbler v. Pachtman*, 424 U.S. 409, 427-31 (1976). "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protection of absolute immunity." *Boyd v. Biggers,* 31 F.3d 279, 285 (5th Cir. 1994) (quoting *Buckley v. Fitzsimmons* 509 U.S. at 273). Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. *Boyd*, 31 F.3d at 285; *Graves v. Hampton*, 1 F.3d 315, 318 (5th Cir. 1993). Thus, a prosecutor is immune from civil rights liability for actions taken in connection with a judicial proceeding, even if taken maliciously. *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991), *cert. denied*, 504 U.S. 965 (1992); *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987).

The Court recognizes that not all prosecutorial functions are protected. In *Imbler*, the Court declared that absolute immunity applied to a prosecutor's actions in "initiating a prosecution and in presenting the State's case." *Imbler*, 424 U.S. at 431. This immunity protected the alleged knowing use of false testimony at trial and the alleged deliberate suppression of exculpatory evidence. In *Imbler*, the Court left open the issue of whether absolute immunity applied to administrative or investigative acts. However, in *Burns*, the Court answered that question, stating that absolute immunity does not apply to investigative or administrative acts performed by prosecutors. *Burns*, 500 U.S. at 493.

In the case at hand, Plaintiff challenges actions taken by the prosecuting attorneys during Plaintiff's criminal proceedings which are clearly protected by prosecutorial immunity. In this action Plaintiff does not allege any actions taken by the defendants that were outside the course and scope

of representing the Coryell County District Attorney's Office in Plaintiff's criminal proceedings. Therefore, Defendants Castillo and Ferguson are protected by absolute immunity.

    D.    <u>State Actor</u>

With respect to Plaintiff's claims brought against his attorney, Jeffery D. Parker, his claim fails. The provisions of 42 U.S.C. § 1983 state that every person who acts under color of state law to deprive another of constitutional rights shall be liable to the injured party. A civil rights plaintiff must show an abuse of government power that rises to a constitutional level in order to state a cognizable claim. *Love v. King*, 784 F.2d 708, 712 (5th Cir. 1986); *Williams v. Kelley*, 624 F.2d 695, 697 (5th Cir. 1980), *cert. denied*, 451 U.S. 1019 (1981). Section 1983 suits may be instituted to sue a state employee, or state entity, using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights. *Monroe v. Pape*, 365 U.S. 167, 184 (1961); *accord*, *Brown v. Miller*, 631 F.2d 408, 410-11 (5th Cir. 1980). A private person may be amenable to suit only when the person is a willful participant in joint action with the State or its agents. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

An action which is essentially a tort claim for malpractice against appointed counsel cannot be brought under §1983. *See O'Brien v. Colbath*, 465 F.2d 358, 359 (5th Cir. 1972); *Shapley v. Green*, 465 F.2d 874 (5th Cir. 1972). Likewise, no claim under § 1983 can be brought against retained counsel because retained counsel does not act under color of state law. *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985), *cert. denied*, 479 U.S. 826 (1986).

E.       *Heck* Bar

Plaintiff's claims must also be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and the Fifth Circuit's application of *Heck* to state prisoner § 1983 lawsuits in *Boyd v. Biggers,* 31 F.3d 279 (5th Cir. 1994).  In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In this case Plaintiff does not allege that his conviction has been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus.  Plaintiff's recitation of the procedural history in this case indicates just the opposite.  In fact, Plaintiff's petition for writ of habeas corpus is currently pending in Cause No. W-14-CV-141-WSS (W.D. Tex.). Accordingly, Plaintiff's civil rights regarding his alleged illegal confinement are barred by *Heck*.

F.       Habeas Claims

To the extent Plaintiff seeks to be returned to the convicting judge and to the existing detention which initiated the cause of the alleged illegal acts, he must seek such relief in an application for habeas corpus relief.  The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 488-490, (1973).  The Court declines to construe this action as a request for habeas corpus relief, because Plaintiff already has a habeas petition pending.

<u>CONCLUSION</u>

Judge Farrell is protected by judicial immunity, Prosecutors David Castillo and Kathy Ferguson are protected by prosecutorial immunity, Attorney Jeffery D. Parker is not a state actor, and Plaintiff's civil rights claims are barred by *Heck*. Accordingly, Plaintiff's complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e).

It is therefore **ORDERED** that Plaintiff's complaint is dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further **ORDERED** that Plaintiff is warned that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further **ORDERED** that Plaintiff is warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an

7

inmate's accrued good conduct time, if the Department has previously received three or more final orders.  TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further **ORDERED** that Plaintiff is warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

It is finally **ORDERED** that the Clerk shall e-mail a copy of this order and the final judgment to the TDCJ - Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

**SIGNED** on June 20, 2016.


ROBERT PITMAN
UNITED STATES DISTRICT JUDGE